Michael Waters
1330 W 3100 N
Pleasant View UT 84414
801-628-5323
Mwaters5@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OPF UTAH, NORTHERN DIVISION

Date: 12-20-2010

| MICHAEL WATERS  Pro Se | CASE NO.: 1:10-cv-00196-CW |
|---|---|
| Plaintiff, vs. | Response to Defendants Motion to Dismiss |
| Bank Of America | Oral Arguments Requested |
| Defendant | Judge Clark Waddoups |

Reference
Loan Number: 4200912
Deed of Trust Number: 2415762
Property Address: 1330 W 3100 N, Pleasant View UT 84414

## Plaintiffs Motion To Vacate Foreclosure proceedings

Plaintiff moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

b. In *Platsky v CIA*, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly. Defendant respectfully reserves the right to amend this complaint.

1  **Summary**

2  This court should not dismiss this case as has been motioned by the defendant. The
3  Defendant has not denied the material facts of this case. This case is extremely simple
4  and comes down to the wording of the trust deed executed between the Plaintiff and the
5  Defendant.  Here are the facts of the case
6      1. The Defendant Made a Loan to the plaintiff.
7      2. The Plaintiff created executed a Trust Deed specifically for the security of this note.
8         Said note has very specific language in it and as a legal and binding contract should
9         be interpreted by the wording of the contract. It is also a matter of contract law that
10        any ambiguities or flaws in the contract shall be interpreted in favor of the signer
11        and not the preparer.
12     3. The Plaintiff admits as per Paragraph 19 has received payment in full on all
13        amounts owing on the note.
14 Nowhere in the trust deed are the other documents submitted as evidence mentioned
15 or referred to, only the terms of the note and the trust deed are admissible in
16 interpreting the wording of the contract as the trust deed and note do not mention these
17 other items as attachments or part of the contract.
18 Furthermore the defendant never made any valid legal assignments to anyone at the
19 time of the alleged payment in full by another institution. The original trust deed was
20 created putting Mortgage Electronic Registrations Systems  Hereinafter reffered to as
21 MERS in as the beneficiary. According to the wording of the trust deed no other trustee
22 can be assigned except by the current lender on the note. Since Bank of America is
23 mentioned nowhere in the trust deed, and at the time the trust deed was created MERS
24 Was assigned as Trustee. Since according to the Terms of the Trust Deed only a
25 Lender can make changes in the trustee, and since the trustee of said trust deed was

1. assigned to MERS before the defendant alleges that the note was paid in full by Bank
2. of America then Bank of America could not possibly had any intent or interest in the
3. trust deed as the trustee was already assigned to MERS, and MERS by the definition
4. of the trust deed had no legal or contractual authority to transfer the interest of the trust
5. deed to Bank of America. Additionally Bank of America has made claims on a note with
6. a different Note number as per plaintiffs exhibit C
7. Furthermore the Shatar is in full force and effect, The Deed of Trust is a Statute Staple,
8. There must be 2 witnesses to a Statute Staple, The Contract (Deed Of Trust) is Void
9. Abinitio.
10. There is no mistaken deduction only an obvious interpretation of a contract made
11. between 2 parties. The issue at dispute here is not who made the payment in full on
12. the debt, nor is the issue who allegedly owns the note, the only issue here is the Deed
13. of Trust which was created to secure the interest of Stearns Lending. Stearns Lending
14. interest and liability in this note has been satisfied in full and therefore according to the
15. trust deed it no longer has any force. This is full evidenced by any lack of assignment
16. of the trust deed when the alleged purchases was made, and is also evidenced by the
17. current Trustee never making any legal assignments to Bank of America.
18. If Bank of America owns anything in this transaction it is the note and nothing else, the
19. Trust Deed and country records show NO EVIDENCE of a legal transfer to Bank Of
20. America.
21. It is easy to see that Stearns Lending never at any time transferred to Deed of Trust
22. and the only paperwork they have provided does not mention the Deed of Trust, but
23. rather and only the Note.
24.
25.

**Statements Of Undisputed Facts:**

1. On or about May 29 2009 Plaintiff Signed and Executed a note & Deed of Trust, (See Exhibit A & B) This Note and Trust Deed is not Valid and is Void Ab initio as:

   a. The Shatar Is in Full Force and Effect

   b. The Deed of Trust is a Statute Staple

   c. There Must be 2 Witnesses to a Statute Staple

The Contract (Trust Deed) is therefore Void Ab Initio

2. On or about June 10 2010 Plaintiff received payment in full for the Note (Plaintiff Exhibit A)

3. According to Paragraph 19 of Security Instrument (Deed Of Trust Exhibit B) it clearly states. "Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the property and shall surrender this Security Instrument and all notes evidencing debt secured by this security instrument to Trustee. Trustee shall reconvey the property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs."

4. There are only 2 parties to the Trust Deed, The Lender (Defendant) and the Borrower (Plaintiff).

5. Defendant Admits that no further sums secured by this security instrument, are owed by the plaintiff to the defendant. And has not made any legal assignment of the trust deed so therefore the trust deed cannot be a part of the sale of the note.

6. None of the paperwork showing the alleged transfer of the note to Bank Of America mentions the transfer of a Deed of Trust, it only mentions a note.

7. The Defendant split the Note and Trust deed up permanently by maintaining ownership of the Note but transferring the Trust Deed to a 3rd Party (MERS) Mers has

1  never made a legal transfer of the trust deed, nor has MERS made any claim to the trust
2  deed. When the defendant assigned MERS to be the trustee the Defendant permanently
3  split the note from the trust deed and therefore could not have possibly sold the trust deed
4  with the note.
5      8. Exhibit 3 is hereby rejected as evidence as it is not dated and there is no way to
6  prove that this letter was addresses to Bank of America at the time the loan was
7  transferred nor does it have any way to prove any attachment to this loan. There is not
8  attached loan number or corresponding number to the deed of trust and therefore is
9  completely hearsay and having no foundation in truth.
10     9. Exhibit 4 Is also hereby rejected as evidence as there is no date in the body of
11 the letter where the space is given to it, there are several blanks that are not filled in as
12 well as there are 2 different loan numbers on the document as to make it impossible to tell
13 which note that Stearns is referring to and which is one is owed. Furthermore there is no
14 evidence that this letter was ever mailed to the plaintiff, and the letter has no official
15 signature or Mark to verify the authenticity of this letter. This letter also states the loan has
16 been transferred but it mentions no where that the trust deed has been assigned. The
17 county records have nor records of any assignments and as well the Trustee (Mers) has
18 never sent a letter saying the trust deed has been assigned.
19

## Wherefore

21     The Defendant has not one scrap of evidence that it ever sold or transferred the
22 Deed of Trust.
23     The Defendant has made no claims of ever transferring the Deed of Trust.
24     The Defendant has admitted that is was paid in full for all amounts owed.
25     The Defendant separated the Note from The Trust deed at its creation clearly
26 showing that the note was never a part of the note and therefore could not have been
27 transferred.
28     The Trust deed was only created to secure the interest in the note of the Defendant,
29 and once the defendant was no longer owed any money the Defendant should have

ordered the Trustee MERS to reconvey as the Trust Deed was Not Sold as a part of the note.

Conclusion:
Since the Shatar is still in full force and effect, and the Deed of Trust is a Statute Staple, and their must be 2 witnesses to a Statute Staple, the contract (Deed of Trust) is Void Ab Initio.
Furthermore since the defendant clearly at the point of execution separated the Trust Deed from the note, could not have possibly sold the Trust deed with the note.
Furthermore since defendant has failed to demonstrate any evidence that the trust deed was ever sold or transferred to Bank of America, and has failed to show a single legal transfer from the original trust deed

For the foregoing reasons this court should deny the defendants motion to dismiss and order The plaintiff to issue a summary judgment to order that the Deed of Trust be ordered invalid, and the defendant should immediately order the Trustee MERS to issue a letter of full reconveyance as per the terms of Paragraph 19

Dated This 20 of December 2010

MICHAEL WATERS, Plaintiff pro se,