**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL WATERS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STEARNS LENDING, INC.,**<br><br>**Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 1:10-cv-196-CW-PMW**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Stearns Lending, Inc.'s ("Defendant") motion to dismiss[2] or, in the alternative, motion for summary judgment.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 8.

[2] *See* docket no. 3.

[3] *See* docket no. 5.

## BACKGROUND

In May 2009, Michael Waters ("Plaintiff") obtained a loan from Defendant ("Loan") to refinance a home located at 1330 W 3100 N, Pleasant View, Utah 84414 ("Property"). When Defendant issued the Loan, Plaintiff executed a note promising to repay the Loan ("Note"), secured by a Deed of Trust ("Trust Deed") (collectively, with other documents executed at closing, "Loan Documents"). Copies of the Note and the Trust Deed are attached to Plaintiff's complaint as Exhibits A and B, respectively.[4] Under the Trust Deed, Mortgage Electronic Registration Systems, Inc. ("MERS") is named as beneficiary "solely as nominee for Lender . . . and Lender's successors and assigns."[5]

At closing, Plaintiff signed copies of a "First Payment Notification," "Servicing Disclosure Statement," and "Notice of Possible Assignment of Loan and Loan Servicing."[6] Each of those documents made reference to, and notified Plaintiff of, the fact that the Loan could be assigned to a third party. As permitted under the Loan Documents, Defendant assigned its beneficial interest and servicing rights under the Note ("Assignment") to Bank of America, Inc. ("BOA").[7] As a result, Defendant no longer has any beneficial interest in the Note or the unilateral right to reconvey the Trust Deed. MERS continued as the nominal beneficiary,

---

[4] *See* Docket no. 1, Exhibit 1, Exhibit A-B.

[5] *Id.*, Exhibit B.

[6] Docket no. 4, Exhibit 1.

[7] *See id.*, Exhibit 2.

eliminating the need for recording the Assignment.[8] Pursuant to the Loan Documents, Defendant issued a "Notice of Transfer" dated June 10, 2009, which notified Plaintiff that the Loan was being assigned to BOA.[9] The Notice of Transfer explains that Defendant transferred Plaintiff's mortgage loan account to BOA, but that "transaction in no way affects the terms and conditions of [Plaintiff's] loan."[10]

In November 2010, Plaintiff filed his pro se complaint in this case in the Second District Court for the State of Utah.[11] Defendant eventually removed the case to this court.[12] In his complaint, Plaintiff alleges breach of contract. Plaintiff does not allege that his obligations under the Loan Documents were satisfied by him. In seeking relief, Plaintiff relies on paragraph 19 of the Trust Deed ("Paragraph 19"), which provides, in relevant part:

> Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it.[13]

---

[8] *See id.*, Exhibit 3.

[9] *Id.*, Exhibit 4.

[10] *Id.*

[11] *See* docket no. 1., Exhibit 1.

[12] *See* docket no. 1.

[13] *Id.*, Exhibit 1, Exhibit B.

Based on the Assignment and Paragraph 19, Plaintiff seeks either (1) specific performance of Paragraph 19 (i.e., reconveyance of the Property to him) or (2) a declaration that the Trust Deed is null and void and the Note has been settled in full, as well as an injunction prohibiting Defendant from pursuing a foreclosure sale, trustee sale, quiet title action, or any collection activities against Plaintiff.

## **LEGAL STANDARDS**

As an initial matter, the court notes that it has considered matters submitted by Defendant that are outside of the complaint. Therefore, the court will treat Defendant's motion as a motion for summary judgment, rather than as a motion to dismiss. *See* Fed. R. Civ. P. 12(d); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (explaining that a rule 12(b)(6) motion to dismiss should be converted to a motion for summary judgment when the court considers matters outside the complaint).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also State Farm Mut. Auto. Ins. Co. v. Fisher*, 618 F.3d 1103, 1106 (10th Cir. 2010). In determining whether summary judgment is appropriate, the court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *Fisher*, 618 F.3d at 1106 (quotations and citations omitted).

In addition, when a case is before a federal court on diversity jurisdiction, as in this case, the court applies the forum state's substantive laws. *See Berry & Murphy, P.C. v. Carolina Cas.*

*Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009). Accordingly, the court will apply the substantive law of Utah.

## ANALYSIS

### I. Breach of Contract

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001). Although Defendant does not dispute that there is a contract between the parties, Plaintiff has not established the other three elements. Plaintiff has not alleged under element (2) that he has made the required payments on the Note or any other facts to establish his performance. Also, Plaintiff has not explained how he has been damaged by the alleged breach as required by element (4). On the contrary, Plaintiff did not pay off the Loan, so he has lost nothing by Defendant refusing to reconvey the Property and deliver the Trust Deed and Note.

Most significantly, under element (3), Plaintiff has failed to establish that Defendant has breached the contract. According to Plaintiff, the breach occurred when the Loan was paid off by BOA and Defendant failed to reconvey the Property and deliver the Trust Deed and Note. However, this theory misconstrues Paragraph 19, as understood in the context of the entire agreement. Paragraph 19 requires "payment of all sums secured by this Security Instrument" before any obligation on the part of Defendant arises.[14] But neither Plaintiff nor anyone acting on

---

[14] *Id.*

Plaintiff's behalf has made "payment of all sums" on the Loan, and Plaintiff does not allege otherwise.[15] Instead, the payment that Plaintiff identifies is consideration BOA gave Defendant for the Assignment. Whether Defendant deems the Loan "paid" in its internal records, as Plaintiff alleges, is irrelevant because at most it shows that Defendant has no further right to payment after assigning that right to BOA. Moreover, even if Plaintiff's argument were correct, he still would not be entitled to the reconveyance that he desires because the Trust Deed requires the "Trustee [to] reconvey the Property without warranty and without charge to the person or persons legally entitled to it."[16] Plaintiff has not alleged that he is the person legally entitled to the reconveyance, which would be a factual impossibility, given his failure to pay the Loan or even an allegation to the same effect.

Additionally, a contract remains in effect even where certain benefits under the contract have been assigned to a third party. *See Sunridge Dev. Corp. v. RB&G Eng'g , Inc.*, 230 P.3d 1000, 1003-04 (Utah 2010). When a party assigns a property interest to another party, the assignee "stands in the shoes" of the assignor for purposes of performance of the contract. *Id*. at 1004. In other words, the relationship between the assignee (BOA) and the obligor (Plaintiff), is "a continuation of the rights and liabilities of the assignor" (Defendant). *Id*. As such, the assignment does not have the effect of canceling Plaintiff's obligations under the Trust Deed, as

[15] *Id*.

[16] *Id*.

suggested by Plaintiff in his complaint. *See Condie v. Condie*, 139 P.3d 271, 277 (Utah Ct. App. 2006).

In this case, BOA acquired the right to Defendant's beneficial interest in the Loan in exchange for payment to Defendant. However, BOA's consideration for the assignment does not satisfy Plaintiff's obligation under the Trust Deed in any way or otherwise trigger the provision of Paragraph 19. Even though Defendant assigned its beneficial interest in the Note to BOA, at no time did Plaintiff delegate, or BOA accept, Plaintiff's obligations under the Note and Trust Deed. *See First Am. Commerce Co. v. Wash. Mut. Sav. Bank*, 743 P.2d 1193, 1194 (Utah 1987) ("An assignment is the transfer of rights; a delegation is the transfer of duties."). Therefore, Plaintiff has not satisfied his obligations under the Loan Documents and Defendant has not breached the Trust Deed. Furthermore, even if Plaintiff could establish that his contractual obligations were satisfied and he has a right to the Property and Trust Deed, Defendant nonetheless could not provide his requested relief because it no longer has an interest in the Loan.

Based on the foregoing, the court concludes that Plaintiff has failed to establish a claim for breach of contract against Defendant.

## II. Relief Requested

In addition to failing to establish a claim for breach of contract, Plaintiff has failed to establish that he is entitled to any of the forms of relief that he seeks in his complaint. Plaintiff has not made demands for money damages in this case. Instead, Plaintiff seeks to unravel his obligations under the Trust Deed through either (1) specific performance of Paragraph 19 or (2) a

combination of a declaratory judgment that the Trust Deed is null and void and a permanent injunction against foreclosure or any other debt collection activities. Plaintiff is not entitled to any of the relief he seeks for at least three reasons.

First, Plaintiff is not entitled to specific performance. "The Utah Supreme Court has ruled where a certain event or situation is essentially made a condition to an agreement, the absence of such event or situation precludes specific performance of the agreement." *Woodard v. Jensen*, 740 P.2d 272, 274 (Utah Ct. App. 1987). Under Paragraph 19, payment of the Loan by Plaintiff or someone acting on Plaintiff's behalf is a condition to Defendant's obligation to reconvey the Property and deliver the Note and Trust Deed. However, as described above, payment of the Loan has not occurred by Plaintiff or someone acting on Plaintiff's behalf. Accordingly, Plaintiff is not entitled to specific performance of Paragraph 19.

Second, Plaintiff is not entitled to a declaratory judgment. Under Utah law, courts have liberal powers to render declaratory relief, as long as four threshold requirements are met: "(1) a justiciable controversy, (2) parties whose interests are adverse, (3) a legally protectable interest residing with the party seeking relief, and (4) issues ripe for determination." *Utah Safe to Learn-Safe to Worship Coal., Inc. v. State*, 94 P.3d 217, 224 (Utah 2004). Under element (3), Plaintiff does not have a legally protectable interest in this case. Plaintiff seeks a declaration that the Trust Deed is null and void, but Defendant's assignment to BOA has not nullified or voided the Trust Deed in any way. *See Sunridge Dev. Corp.*, 230 P.3d at 1003-04. In fact, the Notice of

Transfer specifically explains that the Assignment "transaction in no way affects the terms and conditions of [Plaintiff's] loan."[17]

Finally, Plaintiff is not entitled to a permanent injunction preventing Defendant from pursuing a foreclosure sale, trustee sale, quiet title action, or any collection activities against Plaintiff. Under Utah law, "[a] court may grant a permanent injunction if it determines that (1) the petitioner establishes standing by demonstrating special damages, (2) the petitioner has a property right or protectable interest, (3) legal remedies are inadequate, (4) irreparable harm would result, (5) court enforcement is feasible, and (6) petitioner merits the injunction after balancing the equities." *Johnson v. Hermes Assocs.*, 128 P.3d 1151, 1156 (Utah 2005). Applying this test, Plaintiff should not be granted a permanent injunction. Concerning enforcement, it would be unduly burdensome for the court to monitor the debt collection activities of Defendant or its successor or assigns. In addition, Plaintiff has not alleged that he has a protectable interest or that legal remedies are inadequate. Further, as described above, Plaintiff has not established that his obligations under the Trust Deed have been extinguished.

For these reasons, Plaintiff is not entitled to any of the relief he seeks. As a final matter, the court notes that just as there is "no free lunch," in the case there is also no free house.

**CONCLUSION AND RECOMMENDATION**

Even when the court views the evidence and makes all reasonable inferences in the light most favorable to Plaintiff, the court concludes that there is no genuine dispute as to any material

[17] Docket no. 4, Exhibit 4.

fact and Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Fisher*, 618 F.3d at 1106. Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant's motion for summary judgment[18] be **GRANTED** and that its motion to dismiss[19] be deemed **MOOT**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of April, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[18] *See* docket no. 5.

[19] *See* docket no. 3.